# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK DAVID CHANLEY,

    Plaintiff,

vs.

MIKE GILLIS,

    Defendant.

Case No. 2:09-CV-02295-RLH-(RJJ)

**ORDER**

        Plaintiff has paid the initial partial filing fee. The court has reviewed his civil rights complaint pursuant to 42 U.S.C. § 1983, and the court will dismiss the action.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that defendant Gillis, a police officer of the City of Henderson, lied in his application for a warrant to search plaintiff's property. As a result, the justice of the peace issued a warrant, plaintiff was arrested, and he is still detained.

Petitioner cannot obtain any relief on this issue through a civil rights action pursuant to 42 U.S.C. § 1983. Petitioner is the defendant in <u>United States v. Chanley</u>, 2:07-CR-00150-RCJ-(RJJ). He has litigated the issue of probable cause to support the search warrant at least three times (#20, #77, #105) in that action. Each time, the court denied his motions to suppress (#38, #94, #134). He cannot re-litigate the issue in a civil rights action pursuant to 42 U.S.C. § 1983. <u>See Allen v. McCurry</u>, 449 U.S. 90, 103-05 (1980) (applying collateral estoppel to a Fourth Amendment decision in state court to bar a § 1983 claim in federal court).

IT IS THEREFORE ORDERED that the clerk of the court file the complaint.

IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

DATED: August 24, 2010.

_____
ROGER L. HUNT
Chief United States District Judge